UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MIRALIS PEREZ FONSECA,

      Plaintiff,

v.   Case No.  8:22-cv-2200-SPF

MARTIN O'MALLEY,
Commissioner of the Social
Security Administration,[1]

      Defendant.
_____/

## ORDER

Plaintiff seeks judicial review of the denial of her claim for period of disability and disability insurance benefits ("DIB"). As the Administrative Law Judge's ("ALJ") decision was not based on substantial evidence and failed to employ proper legal standards, the Commissioner's decision is reversed and remanded.

### I.   Procedural Background

Plaintiff filed an application for period of disability and DIB (Tr. 288–308). The Commissioner denied Plaintiff's claims both initially and upon reconsideration (Tr. 123-59). Plaintiff then requested an administrative hearing (Tr. 204). Per Plaintiff's request, the ALJ held a hearing at which Plaintiff appeared and testified (Tr. 37–52). Following the hearing, the ALJ issued an unfavorable decision finding Plaintiff not disabled and

---

[1] Martin O'Malley became the Commissioner of the Social Security Administration on December 20, 2023, and is substituted as Defendant in this suit under Rule 25(d) of the Federal Rules of Civil Procedure.

denied Plaintiff's claims for benefits (Tr. 15–27). Plaintiff requested review from the Appeals Council, which the Appeals Council denied (Tr. 1–8). Plaintiff then timely filed a complaint with this Court (Doc. 1). The case is now ripe for review under 42 U.S.C. §§ 405(g) and 1383(c)(3).

## II. Factual Background and the ALJ's Decision

Plaintiff, who was born in 1960, claimed disability beginning June 7, 2017 (Tr. 123). Plaintiff obtained a high school education (Tr. 128). Plaintiff's past relevant work experience included work as a production worker, a cleaner, an office clerk, and a kitchen helper (Tr. 27). Plaintiff alleged disability due to muscle damage to her right arm, rotator cuff damage, high blood pressure, depression, lymphoma in the left leg and pain to buttocks, undiagnosed heart problems, acid reflux, thyroid, arthritis, and body pain (Tr. 123).

In rendering the administrative decision, the ALJ concluded that Plaintiff met the insured status requirements through December 31, 2022, her date last insured, and had not engaged in substantial gainful activity since June 7, 2017, her alleged onset date (Tr. 18). After conducting a hearing and reviewing the evidence of record, the ALJ determined Plaintiff had the following severe impairments: adjustment disorder, sciatica, right shoulder rotator cuff tendinopathy, right AC arthritis, right shoulder lipoma, degenerative disc disease, degenerative facet disease, cervical sprain/strain, thoracic sprain/strain, lumbosacral sprain/strain, myalgia, and myositis (*Id.*). Notwithstanding these impairments, the ALJ determined Plaintiff did not have an impairment or combination of

impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.*).

The ALJ concluded Plaintiff retained the residual functional capacity ("RFC") to perform a restricted range of light work. Specifically,

> The claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except the individual can lift and/or carry 20 pounds occasionally, 10 pounds frequently; stand and/or walk for 6 hours in an 8-hour day; and sit for 6 hours in an 8-hour day. The claimant can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders and scaffolds. The claimant is able to perform simple, routine, repetitive tasks; and she is able to understand, remember, and carry out simply instructions.

(Tr. 20). In formulating Plaintiff's RFC, the ALJ considered Plaintiff's subjective complaints and determined that, although the evidence established the presence of underlying impairments that could reasonably be expected to produce the symptoms alleged, Plaintiff's statements as to the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence (Tr. 21–22).

Considering Plaintiff's impairments and the assessment of a vocational expert ("VE"), the ALJ determined Plaintiff could perform her past relevant work as a production worker and a cleaner (Tr. 27). Accordingly, based on Plaintiff's age, education, work experience, RFC, and the testimony of the VEs, the ALJ found Plaintiff not disabled. (*Id.*).

### III. Legal Standard

To be entitled to benefits, a claimant must be disabled, meaning he or she must be unable to engage in any substantial gainful activity by reason of any medically

determinable physical or mental impairment which can be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). A "physical or mental impairment" is an impairment that results from anatomical, physiological, or psychological abnormalities, which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques. 42 U.S.C. §§ 423(d)(3), 1382c(a)(3)(D).

The Social Security Administration, to regularize the adjudicative process, promulgated the detailed regulations currently in effect. These regulations establish a "sequential evaluation process" to determine whether a claimant is disabled. 20 C.F.R. § 404.1520. If an individual is found disabled at any point in the sequential review, further inquiry is unnecessary. 20 C.F.R. § 404.1520(a). Under this process, the ALJ must determine, in sequence: whether the claimant is currently engaged in substantial gainful activity; whether the claimant has a severe impairment, *i.e.*, one that significantly limits the ability to perform work-related functions; whether the severe impairment meets or equals the medical criteria of 20 C.F.R. Part 404 Subpart P, Appendix 1; and whether the claimant can perform his or her past relevant work. If the claimant cannot perform the tasks required of his or her prior work, step five of the evaluation requires the ALJ to decide if the claimant can do other work in the national economy in view of his or her age, education, and work experience. 20 C.F.R. § 404.1520(a). A claimant is entitled to benefits only if unable to perform other work. *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987); 20 C.F.R. § 404.1520(g).

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence and comports with applicable legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938) (internal quotation marks omitted)); *Miles v. Chater*, 84 F.3d 1397, 1400 (11th Cir. 1996). While the court reviews the Commissioner's decision with deference to the factual findings, no such deference is given to the legal conclusions. *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citations omitted).

In reviewing the Commissioner's decision, the court may not re-weigh the evidence or substitute its own judgment for that of the ALJ even if it finds that the evidence preponderates against the ALJ's decision. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983). The Commissioner's failure to apply the correct law, or to give the reviewing court sufficient reasoning for determining that he or she has conducted the proper legal analysis, mandates reversal. *Keeton*, 21 F.3d at 1066. The scope of review is thus limited to determining whether the findings of the Commissioner are supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002).

**IV.    Analysis**

Plaintiff argues that the ALJ erred in classifying Plaintiff's past relevant work at step four of the sequential evaluation process. In particular, Plaintiff argues that (1) the

5

ALJ failed to resolve inconsistencies between conflicting VE testimony; and (2) the ALJ's finding that her past relevant work included the positions of production worker and cleaner is not supported by substantial evidence.

As discussed above, at step four of the sequential evaluation process, the ALJ assesses a claimant's RFC.  *See* 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545.  Based on the RFC assessment, the ALJ determines whether the claimant can perform her past relevant work.  The testimony of a VE "is not required in determining whether a claimant can perform her past relevant work."  *Hennes v. Comm'r of Soc. Sec. Admin.*, 130 F. App'x 343, 346 (11th Cir. 2005) (citing *Lucas v. Sullivan*, 918 F.2d 1567, 1573 n.2 (11th Cir.1990)).  Nevertheless, "the regulations provide that 'the services of vocational experts or vocational specialists' may be used in making this determination because such an expert 'may offer relevant evidence within his or her expertise or knowledge concerning the physical and mental demands of a claimant's past relevant work, either as the claimant actually performed it or as generally performed in the national economy.'" *Id*. (citing 20 C.F.R. § 404.1560(b)(2)).

At the hearing, the ALJ obtained the testimony of VE Laura Pizzurro.  Ms. Pizzurro classified Plaintiff's past relevant work as follows: (1) shipping and receiving clerk, DOT code 222.387-050, medium exertion; (2) sanding machine buffer, DOT code 662.685-022, light exertion as generally performed but heavy exertion as Plaintiff performed; (3) baker helper, DOT code 526.686-010, heavy exertion; (4) pretzel cooker, DOT code 526.685-054, medium exertion as generally performed by heavy exertion as Plaintiff performed; and (5) file clerk I, DOT code 206.387-034, light exertion as generally

performed but medium exertion as Plaintiff performed (Tr. 46–48).  The ALJ then asked Ms. Pizzurro whether a hypothetical individual of advanced age with a high school education and with a vocational background similar to Plaintiff and the following RFC could perform her past work: the individual can lift and carry 20 pounds occasionally and 10 pounds frequently; they can stand or walk for six hours in an eight-hour workday; the individual requires a sit/stand option with an alternating interval of one-to-two hours; they can occasionally climb ramps and stairs; they cannot climb ladders and scaffolds; they can occasionally balance, stoop, kneel, crouch, and crawl; they can frequently push or pull with the upper extremity; they can frequently reach waist to chess with both arms; they can occasionally reach above shoulder level with the right arm; they can frequently reach above should level with the left arm; they can frequently finger with the right hand and constantly finger with the left hand; they can constantly feel with both hands; they cannot work around high, exposed places; and they can occasionally work around moving mechanical parts (Tr. 48–49).  Ms. Pizzurro stated that the only past work that would be available is the role of file clerk as generally performed but not as actually performed by Plaintiff (Tr. 49).

After the hearing, the ALJ sent written interrogatories to a second VE, Carrie Anderson (Tr. 454–60).[2]  Ms. Anderson classified Plaintiff's past relevant work as follows: (1) production worker, DOT code 706.687-010, light exertion; (2) cleaner, DOT code 323.687-014, light exertion; (3) office clerk, DOT code 209.562-010, light exertion; and

---

[2] Presumably, the ALJ required additional VE testimony as he ultimately assessed Plaintiff with a different RFC than what he included in the hypothetical to Ms. Pizzurro at the hearing (Tr. 20, 46–51, 458).

(4) kitchen helper, DOT code 318.687-010, medium exertion (Tr. 457). The ALJ then asked Ms. Anderson whether a hypothetical individual of Plaintiff's age, education, work experience, and the following RFC could perform her past work: they can perform light work as defined in 20 CFR 404.1567(b) except the individual can lift and/or carry 20 pounds occasionally and 10 pounds frequently; they can stand and/or walk for six hours in an eight-hour day; they can sit for six hours in an eight-hour day; they can occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. The claimant cannot climb ladders and scaffolds. The claimant is able to perform simple, routine, repetitive tasks; and she is able to understand, remember, and carry out simply instructions (Tr. 458). Ms. Anderson stated that the roles of production worker and cleaner were within the physical and mental limitations of that RFC (*Id.*).

When the ALJ entered Ms. Anderson's testimony into the record, he notified Plaintiff of her right to submit written comments concerning the evidence, a written statement as to the facts and law she believes apply to the case in light of that evidence, and any additional records she wished for the ALJ to consider (Tr. 463–65). He also informed Plaintiff that she may submit written questions to Ms. Anderson or request a supplemental hearing (*Id.*). The ALJ informed Plaintiff that if he did not receive a response within ten days, then he would assume that she did not wish to submit any written statements or records. Plaintiff did not respond to or otherwise take action regarding this correspondence. In his decision, the ALJ relied on Ms. Anderson's testimony and determined that Plaintiff could perform her past relevant work as a production worker or cleaner (Tr. 27).

First, Plaintiff argues that the ALJ erred in failing to address and resolve the inconsistencies in Ms. Pizzurro's and Ms. Anderson's classifications of her past relevant work.  In support of this argument, Plaintiff cites to case law supporting the general proposition that an ALJ must resolve conflicts in evidence.  *See Battle v. Astrue*, 243 F. App'x 514, 523 (11th Cir. 2007) ("When deciding the case, it is the ALJ's duty to weigh the evidence and testimony, to resolve the conflicts in the evidence and testimony, and determine whether [Plaintiff] with his RFC can return to his past relevant work, and we will not substitute our judgment for the ALJ's.").  The Commissioner responds that the ALJ properly relied on Ms. Anderson's testimony considering the changes in the limitations of Plaintiff's RFC.

The Court agrees that the ALJ erred in failing to resolve the inconsistencies in Ms. Pizzurro's and Ms. Anderson's classifications of her past relevant work.  The Court is aware that, in general, a claimant's failure to object to a VE's description of her past relevant work at the hearing level forecloses the claimant's ability to raise the issue for the first time on appeal.  *See New v. Comm'r of Soc. Sec.*, No. 5:12-CV-211-OC-18PRL, 2013 WL 3804846, at *3 (M.D. Fla. July 8, 2013) ("As an initial matter, the Commissioner correctly notes that the Plaintiff did not raise this issue to the ALJ, nor did her attorney object to the VE's testimony identifying Plaintiff's prior work as a housekeeper as past relevant work.  Unfortunately for Plaintiff, because she failed to raise this issue to the ALJ or even object to the VE's testimony, the ALJ was not obligated to specifically address the concerns—or rather, arguments—that Plaintiff now raises."); *Schmidt v. Comm'r of Soc. Sec.*, No. 2:17-cv-333, 2018 WL 3805863, at *6 (M.D. Fla. Aug. 10, 2018) (holding the

ALJ did not err in defining the claimant's past relevant work as including the position of accounting clerk where the claimant did not object to the VE's testimony that her past relevant work included that job); *McDaniel v. Kijakazi*, No. 22-cv-21201, 2023 WL 5510277, at *14 (S.D. Fla. Aug. 10, 2023) ("The undersigned agrees that because Ms. McDaniel did not challenge the VE's classification of her past relevant work as file supervisor, the ALJ did not err in classifying her work as such."). Here, however, the issue is not that the ALJ misclassified Plaintiff's past relevant work, but that the ALJ failed to resolve the inconsistencies between the two VEs' testimony.

As Plaintiff points out, the ALJ has a duty to resolve conflicts in evidence. *Battle*, 243 F. App'x at 523. The Commissioner has not presented the Court with any authority as to why this general rule does not extend to the resolution of conflicts in VE testimony. Although the Court has been unable to locate precedent directly analogous to this case,[3] the Court finds the instant case comparable to those in which a single VE provides internally inconsistent testimony. *See, e.g.*, *Barry C. S. v. Kijakazi*, 625 F. Supp. 3d 1342, 1351 (N.D. Ga. 2022) (remanding because VE's "internally inconsistent" testimony "created a critical void in the record") (citations omitted); *Wallace v. Barnhart*, 256 F. Supp.

---

[3] The most parallel case the Court could find is *Vishner v. Colvin*, No. 1:14-cv-431, 2017 WL 1433337, at *5 (W.D.N.Y. Apr. 24, 2017). In *Vishner*, the plaintiff's case had been remanded by the Appeals Council to a new ALJ for a second hearing. At the second hearing, the ALJ obtained testimony from a second VE and issued an opinion finding the plaintiff not disabled. On appeal to the district court, the plaintiff argued that the second ALJ erred by failing to reconcile the inconsistencies in the testimony of the VEs. The Court remanded the case because "the ALJ's failure to reconcile the inconsistent VE testimony resulted in a decision that was not based on substantial evidence." *Id.*

10

2d 1360, 1377 (S.D. Fla. 2003) (remanding "to erase the ambiguity contained in the VE's testimony").

Moreover, courts are also required to remand cases where the VE's testimony conflicts with the DOT and the ALJ fails to resolve the conflict. *See, e.g.*, Social Security Ruling 00-4p, 2000 WL 1898704 (Dec. 4, 2000) (stating that, before relying on VE evidence to support a decision, ALJs must "identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by VEs" and information contained in the DOT); *Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1356 (11th Cir. 2018) (holding that ALJs "have an affirmative duty to identify apparent conflicts between the testimony of a [VE] and the DOT and resolve them," which requires the ALJ to "offer a reasonable explanation for the discrepancy, and detail in his decision how he has resolved the conflict. The failure to discharge this duty means the ALJ's decision, when based on the contradicted VE testimony, is not supported by substantial evidence"); *Frazier v. Kijakazi*, No. 8:20-cv-1736-CPT, 2022 WL 950649, at *4–6 (M.D. Fla. Mar. 30, 2022) (remanding where ALJ failed to resolve consistency between VE's testimony and DOT).

Here, as in *Washington*, the ALJ failed to identify the conflict between the disparate classifications of Plaintiff's past relevant work, and thus failed to offer a reasonable explanation for the discrepancy and detail in his decision how he resolved the conflict. As a result, the ALJ's decision—which is based on contradicted VE testimony—is not supported by substantial evidence.

Accordingly, after consideration, it is hereby

ORDERED:

1. The decision of the Commissioner is reversed and remanded.

2. The Clerk is directed to enter final judgment in favor of the Plaintiff and close the case.

**ORDERED** in Tampa, Florida, on March 7, 2024.

SEAN P. FLYNN
UNITED STATES MAGISTRATE JUDGE